# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GASSEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV1663 JAR |
| | ) |
| PAUL JONES, MD, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to commence this action without payment of the required filing fee. The motion will be granted, and plaintiff will be assessed an initial partial filing fee of $1.00. *See* 28 U.S.C. §1915.[1] Furthermore, based upon a review of the complaint, the Court finds that because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint on the Court's form. Plaintiff has thirty (30) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here.

---

[1] Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.* Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the Western Missouri Correctional Center ("WMCC") in Cameron, Missouri, seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. It appears that plaintiff's allegations arise out of his incarceration at the Moberly Correctional Center in 2014.[2] Named as defendants are Paul Jones, M.D. (Corizon Medical Services, Medical Director) and Corizon Medical Services ("Corizon").

---

[2]Plaintiff filed a similar lawsuit against defendants Paul Jones, MD and Corizon Medical Services earlier in 2016 in this Court. *See Gassel v. Jones*, 2:16CV4 DDN (E.D.Mo. 2016).

Plaintiff alleges in a conclusory fashion that Dr. Jones violated his Eighth Amendment rights to be provided adequate medical care. However, plaintiff has failed to allege exactly when and where defendant Jones failed to provide him proper care. Plaintiff has only alleged in a general fashion that defendant failed to treat him when his injuries were "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Plaintiff has also complained, in a conclusory fashion, that Dr. Jones left him with physical disfigurement. However, he has failed to state exactly how Dr. Jones left him in such a state, and whether the disfigurement was a result of Dr. Jones' failure to treat plaintiff or as a result of an unexplained or undiagnosed medical illness.

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). First, as stated above, plaintiff has failed to make personal allegations against Dr. Jones in his complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In the instant action, plaintiff has not set forth any facts indicating that Dr. Jones injured him on a specific date by doing a specific act, or by omitting to engage in a

3

specific act. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, as currently pled, the complaint also fails to state a claim against defendants due to the way in which plaintiff has alleged his claims against defendants in their official capacity.

Plaintiff brings this action against Dr. Paul Jones in his official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). To state a claim against a Corizon employee in his official capacity, a plaintiff must allege that a policy or custom of his employer is responsible for the alleged constitutional violation. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to both defendants Paul Jones and Corizon.

**Because plaintiff is proceeding pro se, the Court will allow plaintiff to amend his complaint rather than dismiss the complaint at this time. Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims**

4

**from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered.** *Id.* **The allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms. If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.**

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within thirty days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice. If the case is dismissed for non-compliance with this Order, the dismissal will **not** count as a "strike" under 28 U.S.C. § 1915(g).

Dated this 26th day of October, 2016.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE