# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GASSEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-CV-1663 JAR |
| PAUL JONES, MD, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Having reviewed the pleading, the Court finds that defendant Paul Jones, MD must be served with process.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

The Court reviewed plaintiff's original complaint under 28 U.S.C. § 1915(e) and found that it failed to state a claim upon which relief can be granted. Because plaintiff is pro se, the Court gave him an opportunity to file an amended complaint. The amended complaint is the only document under review.

Plaintiff brings this action against Dr. Jones and Corizon, Inc. Plaintiff alleges that he had a serious spinal cord injury that Dr. Jones refused to treat. Plaintiff eventually had surgery, but he says he has suffered unnecessarily because of the delay. Plaintiff sues Jones in both his official and individual capacities.

## Discussion

Many of the allegations are entirely conclusory. However, there are enough factual allegations to state a plausible claim against Dr. Jones for deliberate indifference under the Eighth Amendment. So, the Court will order the Clerk to serve him with process.

The complaint, however, does not state a claim against Dr. Jones in his official capacity. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, plaintiff's official-capacity claim is dismissed.

To state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972,

2

95-76 (8th Cir. 1993). He has not alleged that a policy or custom led to his injury. Therefore, Corizon must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve defendant Paul Jones, MD with process in accordance with the Court's agreement with Corizon, Inc.

**IT IS FURTHER ORDERED** that defendant Corizon, Inc., is **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 16th day of December, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE