UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GASSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1663 JAR |
| | ) | |
| PAUL JONES, MD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motions for appointment of counsel and for preliminary injunctive relief. The motions are denied without prejudice.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. As a result, the motions are denied without prejudice. The Court will entertain future motions for appointment of counsel as the case progresses.

In his motion for preliminary injunctive relief, plaintiff complains that he does not have access to the law library at the Western Missouri Correctional Center (WMCC) and that a correctional officer is harassing him. He also seeks the Court's help to conduct discovery.

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between plaintiff's difficulties at WMCC and the medical injuries asserted in the complaint. Additionally, plaintiff may not conduct discovery until the Court issues a Case Management Order. Therefore, the motion is denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for appointment of counsel and for injunctive relief [ECF No. 5, 9, 12, 14] are **DENIED** without prejudice.

Dated this 13th day of February, 2017.

                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE