# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GASSEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-CV-01663-JAR |
| PAUL JONES, MD, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Christopher Gassel's Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 58). In his Motion, Plaintiff seeks a preliminary injunction and temporary restraining order against any and all agents of the Missouri Department of Corrections ("MDOC"), including Sherie Korneman, who is the warden of the Western Missouri Correctional Center ("WMCC") where Plaintiff is currently confined, and any and all agents of Corizon Medical Services ("Corizon"). More specifically, he seeks an order enjoining agents of MDOC and Corizon from "tampering with [his] release date, and release from imprisonment (August 15, 2017)" or "acting in concert" to retaliate against him by refusing him access to the telephone and legal materials (Id. at 1-2). According to Plaintiff, he is scheduled to be released from WMCC on August 15, 2017; he has recently been placed in administrative segregation, where WMCC officials are restricting his access to legal materials; and the restrictions have caused him to miss a July 17, 2017 deadline for summary judgment motions in this case (Id. at 2-3).

1

In determining whether to issue a preliminary injunction or temporary restraining order, the Court must consider four factors: (1) the threat of irreparable harm to the movant; (2) the balance between the threatened harm to the movant and the injury that granting the requested injunctive relief will inflict on other parties to the litigation; (3) the probability that the movants will succeed on the merits of the underlying action; and (4) the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). "While no single factor is determinative, the probability of success factor is the most significant." Home Instead, Inc. v. Florance, 721 F.3d 494, 497 (8th Cir. 2013) (internal quotations and citations omitted). The party requesting injunctive relief bears the "complete burden" of proving that an injunction should be granted. Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987).

Initially, the Court notes that the deadline for dispositive motions in this case was recently extended to August 31, 2017 (Doc. 52), and that the deadline for Plaintiff's motion for summary judgment thus has not yet expired. The Court will decline to enter a temporary restraining order or preliminary injunction against MDOC or its agents, as MDOC and its agents are not parties to this lawsuit. The Court will also deny Plaintiff's request for a temporary restraining order or preliminary injunction against Corizon and its agents, including Defendant Paul Jones, M.D., because Corizon is not a party to this litigation and because the injunctive relief Plaintiff seeks is unrelated to the deliberate-indifference claim currently before the Court. To the extent Plaintiff seeks to assert new claims against MDOC, Corizon, or either of those entities' agents based on their alleged denial of his access to the courts, retaliation against him for litigating this case, or continuation of his incarceration beyond his release date, he must bring those claims in a new complaint. In light of the Court's previous extension of time for dispositive

motions, Warden Korneman's previous representations to the Court regarding Plaintiff's access to legal materials while assigned to administrative segregation, and Plaintiff's representation that he is scheduled to be released from MDOC custody well before the new deadline for dispositive motions, it appears to the Court that Plaintiff will have an adequate opportunity to litigate this case. Having considered the Dataphase factors, the Court concludes that Plaintiff has not met his burden of proving that a temporary restraining order or preliminary injunction should issue. See Gelco Corp., 811 F.2d at 418. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 58) is **DENIED**.

Dated this 25th day of July, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE